No. 25,877.

CHARLES E. SUTTON, *Appellee*, v. GUY J. MATHES, H. W. SKINNER
et al., *Appellees;* J. RALPH DODSWORTH, *Appellant.*

### SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Holder in Due Course—Breach of Collateral Agreement.*
One who executes and delivers a negotiable promissory note to another
for a specific purpose, which contemplated that a part of the proceeds was
to be returned to the maker, and the one to whom it was made and in-
trusted transfers it and uses the proceeds for his own benefit, a *bona fide*
purchaser who took the note before maturity without notice of the purpose
of its execution and delivery may recover thereon from the maker not-
withstanding the misuse of the funds by the payee.

2. SAME — *Holder in Due Course — Notice — Recitals in Security.* A recital
in a deed, executed as security for the note, that the deed was given as
collateral security for the amount named in the note, to be paid upon the
day the note became due, was not part of the note and did not put the
purchaser on inquiry as to the agreement between the maker and payee of
the note nor as to the consideration for which it was given.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed
June 12, 1926. Affirmed.

*John J. Riling* and *Edward T. Riling,* both of Lawrence, for the appellant.
*Adrian S. Houck,* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The real matter in controversy in this action
was the liability of J. Ralph Dodsworth on a $7,000 note executed
and delivered by him to F. M. Liston, payable ninety days after
date, secured by a deed on land which contained a clause that it
was given "as collateral security for $7,000 to be paid on or before
ninety (90) days from date of this deed." The action by Charles E.
Sutton was to foreclose a second mortgage on the same land, and he
made H. W. Skinner, to whom the $7,000 note and security had been
transferred, as well as others, parties to the action. Skinner filed
an answer and cross petition alleging the priority of Skinner's lien
and asking for a recovery against Dodsworth on the $7,000 note and
the foreclosure of the deed given as security for the note. Dods-
worth answered, admitting that he executed and delivered the note
to Liston, but he alleged that it was transferred to Sutton as secur-

Bills and Notes, 8 C. J. pp. 199 n. 17, 486 n. 8, 518 n. 60, 742 n. 13, 748 n. 54;
3 R. C. L. 1067.

ity for a loan of $1,500; that Skinner did not purchase it in due course for a valuable consideration, but took the note and deed as security for the loan to Liston. In reply Skinner denied that he agreed to take the note as a mere security for a loan or that he was to return the note on payment of $1,500, and he further alleged that it was purchased for value and before maturity from Liston, the payee. Verdict and judgment were given in favor of Skinner, and Dodsworth appeals.

In his behalf it is insisted that the note and deed should be treated as a security for a loan of $1,500, the amount of cash Liston obtained from Skinner upon the transfer of the note. This contention is based largely upon the clause that the deed was given as collateral security for $7,000 to be paid ninety days from date. It is argued that the note and deed must be regarded as one transaction, and that the clause mentioned was notice to Skinner that the instruments were mere collateral for a loan of money and could not be taken for any other purpose. The note was an absolute and unconditional promise to pay Liston the amount named. The recital in the deed formed no part of the note and did not put Skinner on inquiry as to the consideration of the note or that Liston was the agent of Dodsworth to procure a limited loan on the security of the note. The clause carried the information that the deed was not an outright conveyance, but was in fact a mortgage given as security for the $7,000 obligation. It tended also to show that in addition to the responsibility of the maker of the note the deed was given as security for its payment. Liston was the payee of the note. He had full authority to transfer it as the owner of the paper. It was transferred for money and other obligations assumed by Liston in a contract for the purchase of cattle. Nothing on the face of the note which Dodsworth put in circulation suggested an inquiry into the matter of consideration. It appears, too, that before Skinner purchased the note he made inquiry as to the credit of Dodsworth and the nature of the security furnished by the mortgage deed, and Dodsworth, after describing the security, wrote Skinner that as soon as he secured a loan on a Missouri ranch for which he was negotiating he intended to take up the $7,000 note about which the inquiry was made. His letter contained no hint that consideration for the execution and delivery of the note had not been received by him, no suggestion that it had been executed and delivered for a special purpose, nor of any restriction on the right of Liston to

transfer it. A purchaser of negotiable paper has a right to assume that the relations of the parties whose names appear on it are precisely what they appear to be. Dodsworth says the note was delivered to Liston to obtain $6,000 for him, and the balance received was to be regarded as commission for Liston's services in negotiating the note. Assuming that Dodsworth signed and delivered the negotiable instrument to Liston to have it discounted for the benefit of both, he took the risk that it might be passed into the hands of an innocent purchaser before maturity. The fact that Liston may have transferred the paper and used the proceeds for his own benefit in violation of the arrangement is no defense against a *bona fide* purchaser who obtained the note without notice of such an arrangement. There was testimony that Liston entered into a contract for the purchase of cattle, and that the proceeds of the note were used by him in obtaining an amount of cash, and the balance was applied to payments for feed and other expenses arising out of the cattle transaction. So far as the consideration was concerned, the payments so made amounted to $7,000, the face value of the note purchased.

We find no trial errors nor any ground for a reversal of the judgment. It is affirmed.